IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF ILLINOIS, *et al.*, | ) ) ) | Case No. 1:17-cv-002768 |
| Plaintiffs, | ) ) ) | The Honorable Judge Robert M. Dow Jr. |
| v. | ) ) ) | |
| U.S. DEPARTMENT OF HOMELAND SECURITY and U.S. CUSTOMS AND BORDER PROTECTION, | ) ) ) ) | |
| Defendants. | ) ) | |

**JOINT STATUS REPORT**

As directed by the Court at the August 10, 2017 status hearing, the parties, through their undersigned counsel, hereby respectfully submit this joint status report. Sections A-D are unchanged from the joint status report previously filed, and the parties jointly propose that Defendants will file their response to the Complaint by August 22, 2017. As further directed by the Court, the parties provide separate statements with respect to the schedule for further proceedings where their positions diverge below.

    **A. Attorneys of Record**

For Plaintiffs:

- Natalie J. Spears, Dentons US LLP, **Lead Attorney**
- Amy A. Miller, ACLU of Nebraska
- Gregory R. Naron, Dentons US LLP
- Kathleen V. Kinsella, Dentons US LLP
- Patrick S. Kabat, Dentons US LLP
- Rebecca Kim Glenberg, Roger Baldwin Foundation of ACLU, Inc.

For Defendants:

- Matthew J. Berns, U.S. Department of Justice, Civil Division, **Lead Attorney**
- Chetan A. Patil, U.S. Department of Justice, Civil Division
- Elizabeth J. Shapiro, U.S. Department of Justice, Civil Division

- Thomas P. Walsh, Assistant United States Attorney

### B. Basis for Federal Jurisdiction

Plaintiffs assert jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. §§ 701-706, and 28 U.S.C. § 1331.

### C. Nature of the Claims

Plaintiffs bring this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, to obtain disclosure of records and other relief pertaining to the FOIA request submitted by Plaintiffs on February 2, 2017 and attached to Plaintiffs' Complaint as Exhibit A.

### D. Service of Parties

Both Defendants have been properly served pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

### E. Principal Legal Issues

Plaintiffs: The principal legal issues are whether Defendants have wrongfully withheld responsive records from Plaintiffs, and whether Defendants have conducted an adequate search for responsive records under the facts and circumstances of Plaintiffs' request.

As recent developments reveal, Defendants' duty to conduct an appropriate search will be a key threshold issue. As the Court is aware, Defendants sought to consolidate multiple actions in jurisdictions across the country involving non-overlapping FOIA requests that, like the request at issue in this lawsuit, sought records pertaining to *purely local* implementation and enforcement of travel bans and other government policies by purely local field offices and agency officers. As the Court is also aware, Plaintiffs opposed Defendants' motion to stay proceedings in this case pending a consolidation decision by the MDL panel, expressing concern that the Defendants had unilaterally elected to process the disparate, non-overlapping requests as a single, consolidated request seeking centrally maintained records (rather than conducting the

2

localized search required in the context of the FOIA request at issue in this lawsuit) and that a stay would delay this Court's supervision of the proper search FOIA requires to obtain and produce those records. The Court granted a stay pending the MDL panel's decision relying in part on Defendants' representation that they would grant expedited processing to Plaintiffs' FOIA request (part of the relief sought by this action) and diligently process the FOIA request while the MDL proceedings were pending.[1] However, Defendants elected to begin processing Plaintiff's FOIA request under the unitary theory of the non-overlapping requests that the MDL panel has now rejected. Defendants produced two identical sets of centrally maintained records to all of the plaintiffs in the non-overlapping FOIA litigations (on July 17, 2017 and July 31, 2017) and has not produced a single record from a single local custodian at issue in this lawsuit. The records consist almost entirely of e-mails from Defendants' national headquarters to high-level agency staff email lists, and reflect Defendants' continuing refusal to conduct a search under the facts and circumstances of the request in *this* action.

Accordingly, Plaintiffs view the search issue as the principal threshold issue, and strongly disagrees with Defendants' misleading characterization, *infra*, of their search efforts. Defendants have had Plaintiffs' FOIA request since early February, and rather than propose deadlines in this Joint Status Report, as the Court directed, Defendants once again ask to be excused from timely complianceand accountability, and instead process the FOIA request at issue as they choose, in a manner that disregards the simple obligation required by FOIA in this case to approach local custodians about locally responsive records and conduct a prompt search.

---

[1] The Court noted that the processing of the FOIA request was the most important consideration in determining whether to grant the stay and was persuaded by Defendants' representations that a stay "would have no effect on the timing of Defendants' release of responsive records. . . . because Defendants' processing of the ACLU affiliates' FOIA requests is ongoing and will continue with or without a stay." 6/28/17 Order (Dkt. 41) (citing Defendant's Reply Mem. in Support of Mot. to Stay (Dkt. 34) pp. 1 & 3 n. 2). Additionally, the Court emphasized that Defendants represented that they "have granted Plaintiffs' request for expedited treatment and placed the coordinated requests of the ACLU affiliates in the expedited processing queue, ahead of all non-expedited requests and later filed requests." *Id*. at 3-4 (quoting Reply Mem. at 4).

Plaintiffs further object to Defendants' attempts to shadow-brief issues more appropriate for summary judgment in this Joint Status Report, rather than simply state their positions on deadlines, and submit that if Defendants had devoted the time spent to date on procedural briefing to simply processing the local FOIA request at issue, an initial search could have been completed by now and the Court would be in a position to address adequacy and other threshold issues. Accordingly, in light of Defendants' lack of meaningful progress on a request that was submitted over six months ago, and Defendants' continuing attempts to displace the simple search and review process required in this case with continuing claims about other litigations and non-overlapping requests, Plaintiffs will be constrained to seek this Court's assistance in preventing further delays and proceeding expeditiously towards disposition on the merits of withholding responsive records. *E.g. Seavey v. Dep't of Justice*, 2017 WL 3112816, at *2 (D.D.C. July 20, 2017) (noting that after a lawsuit has been filed, the court "has the authority to oversee and supervise the agency's progress in responding to the request" and that the court "may use its equitable powers to require the agency to process documents according to a court-imposed timeline.").

In this Joint Status Report, Plaintiffs simply seek deadlines at which this Court (not the Defendants alone) can determine what FOIA requires. Rather than addressing Defendants' arguments about the dilatory and improper approach they have chosen to adopt here, Plaintiffs instead seek briefing deadlines at which these issues can properly be presented to the Court. Plaintiffs note that Defendants are free to seek by motion any stay they believe might be appropriate, in the exclusive manner FOIA contemplates, if they think they can meet the heavy burden for such extraordinary relief. *E.g. Seavey*, 2017 WL 3112816, at *4 ("Where a request imposes truly burdensome obligations on an agency, FOIA provides one safety valve—a stay for exceptional circumstances.").

Defendants: As discussed in greater detail herein, the agency has been working to process Plaintiffs' FOIA request as soon as practicable, but it has not yet completed its search for, and processing of, records responsive to Plaintiffs' FOIA request. The amount of time that it is taking to process the requests reflects a number of factors, including the nature of Plaintiffs' FOIA request, the agency's limited FOIA-processing resources, and the competing demands of other pending FOIA requests that CBP is also working diligently to process as soon as practicable. Once the agency has completed its release of responsive records, Plaintiffs may choose to challenge the reasonableness of the agency's search and the appropriateness of any withholdings under the FOIA's statutory exemptions, but FOIA lawsuits that are filed before the agency completes its processing of the request at issue often are resolved without the need for summary judgment briefing on search adequacy or withholdings.

CBP has fully processed 241 pages of records and released the non-exempt information on July 14 and July 26, 2017. The releases include a 28-page spreadsheet with information responsive to Parts 2- 4 of Plaintiffs' FOIA request. Although Plaintiffs complain that much of the remaining records are "e-mails from Defendants' national headquarters to high-level agency staff email lists," the releases include a large number of e-mails from CBP headquarters to the Directors of Field Operations, including the Director of Field Operations for the Chicago Field Office, which is the subject of Plaintiffs' FOIA request. Because Part 5 of Plaintiffs' FOIA request seeks "[r]ecords containing the 'guidance' that was 'provided to DHS field personnel shortly' after President Trump signed [Executive Order 13.769]," Defendants disagree with Plaintiffs' suggestion that the releases made to date "reflect Defendants' continuing refusal to conduct a search under the facts and circumstances of the request in *this* action."

Moreover, CBP has collected and begun processing over 11,200 potentially responsive email messages to or from custodians in the Chicago Field Office and the multiple airports

5

identified in Plaintiffs' FOIA request (and, based in part on its review of these records, will be evaluating what additional searching may be required). In addition to reviewing these records for responsiveness, CBP will need to carefully review responsive records to excise information falling within any of the nine statutory exemptions from disclosure, 5 U.S.C. § 552(b), including classified information, *id.* § 552(b)(1), information "the disclosure of which would constitute a clearly unwarranted invasion of personal privacy," *id.* § 552(b)(6), information compiled for law enforcement purposes, *id.* § 552(b)(7), and privileged information, *id.* § 552(b)(5), among other categories. If CBP locates records that involve another agency's equities, it also needs to consult with that agency before releasing the records, and these consultations take time. *See id.* § 552(a)(6)(B)(iii)(III).

At the same time, CBP's limited FOIA staff is also working diligently to respond to many other FOIA requests. Nationwide, CBP currently has only 25 full time FOIA processing staff and four supervising employees. Yet, CBP received 66,742 FOIA requests in Fiscal Year 2016 (October 1, 2015 – September 30, 2106), and as of July 31, 2017, is on pace to exceed that number by approximately 35 percent in this Fiscal Year. The CBP FOIA Office has received nearly 100 requests for information pertaining to Executive Order 13,769, and 21 of those requests are in litigation in district courts around the country (13 of them in actions brought by ACLU affiliates). In the aggregate, CBP already has identified over 100,000 potentially responsive emails from personnel within local offices of the Office of Field Operations and Office of Chief Counsel in response to requests like Plaintiffs' that seek records from specific local offices. These 100,000 field office emails are in addition to over 25,000 emails that CBP has identified as potentially responsive to FOIA requests (like the national ACLU's) that seek records from CBP headquarters.

Because of the substantial and conflicting demands on CBP's limited FOIA resources, a court order directing CBP to complete its processing of one request by a specific date, or to process a specific volume per month, necessarily reduces the resources that CBP can devote to other pending requests that are no less important, prejudicing other requesters, and interfering with the agency's ability to administer its FOIA operations in a manner that is equitable and fair to all requesters. In this regard, Defendants note that an agency's decision to grant expedited processing for a FOIA request has the effect of moving the request out of the ordinary queue in which requests are generally processed on a first-in, first-out basis. *See* 6 C.F.R. § 5.5(b), (e)(4). Thus, the agency's decision to grant expedited processing to Plaintiffs' FOIA request has already had the effect of prioritizing them over many other requests that were submitted earlier.

Plaintiffs devote much of their statement above to criticizing as "inappropriate[]" CBP's decision to centrally coordinate its search for records responsive to all nineteen similarly worded FOIA requests received from the ACLU and its affiliates. But it is entirely appropriate for an agency to determine that multiple requests, submitted either by a single requester or by a group of requesters acting in concert, constitute a single request and to process the requests accordingly. *See* 5 U.S.C. § 552(a)(6)(B)(iv); 6 C.F.R. §§ 5.5(d), 5.11(h). Here, CBP opted to process the ACLU and its affiliates' FOIA requests in this manner because it reasonably determined that doing so would allow the agency to process the group of requests as soon as practicable and to ensure consistency in the agency's processing of the requests. Moreover, the agency waived processing fees and granted expedited processing based on its conclusion that the nineteen requests constitute a single request.

Finally, contrary to Plaintiffs' contention above, the JPML did not "reject[]" Defendants' understanding of the nineteen FOIA requests submitted by the national ACLU and its affiliates or otherwise opine on the manner in which Defendants should search for responsive records.

7

Rather, the JPML denied Defendants' motion to transfer the litigation to the District of Columbia based principally on its conclusion that "these actions probably will not involve any discovery," JPML Op. at 1 (ECF No. 44), while leaving open the possibility of centralization "[i]n the unlikely event that these cases actually involve a significant amount of duplicative pretrial discovery," *id.* at 2 n.2. Indeed, the JPML accepted "that it was unnecessary for the ACLU plaintiffs to submit a separate FOIA request for each CBP field office, and that the national ACLU, or the various affiliates acting together, simply could have sent CBP headquarters a single FOIA request asking the agency to search the same field offices for the same records covered by the multiple requests." *Id.* at 2.

### F. Principal Factual Issues

Plaintiffs: The principal factual issues are whether any information in records responsive to Plaintiffs' FOIA request falls within the limited set of statutory exceptions to public disclosure, and what measures Defendants have taken to locate custodians, files, records systems, and other means of obtaining responsive records. As noted in Plaintiff's response to Part E, a key factual matter is the nature of Defendants' search, which Defendants have chosen to conduct in inappropriately consolidated fashion.

Defendants: Please see Defendants' response to Part E.

### G. Jury Trial

None demanded.

### H. Mandatory Initial Discovery Responses

The Mandatory Initial Discovery Pilot Program is not applicable because it applies only to cases filed on or after June 1, 2017. This case was filed on April 12, 2017.

### I. Implemented and Anticipated Discovery; Other Anticipated Filings

As of the filing of this Report, no discovery has been taken.

Plaintiffs' Anticipated Discovery and Other Anticipated Filings:

- Plaintiffs state that discovery is often unnecessary in FOIA cases, and may be unnecessary here. Plaintiffs also state, however, that it is premature to foreclose discovery. Contrary to Defendants' statement below, courts have found discovery appropriate in FOIA cases, including on the issue of the adequacy of an agency's search. *See, e.g., Weisberg v. United States Dept. Of Justice*, 627 F.2d 365, 371 (D.C. Cir. 1980). Accordingly, Plaintiffs may seek discovery regarding the adequacy of Defendants' search, or if Defendants fail to proffer competent and timely evidence that Defendants have searched locally maintained records and queried local custodians in a manner reasonably calculated, under the facts and circumstances of the request, to return responsive records.

- Plaintiffs also disagree with Defendants' suggestion below that they would be entitled to discovery into communications among various ACLU entities, and reserve the right to object to such discovery.

- Plaintiffs additionally state that they will seek production of a *Vaughn* index of withheld records that identifies records that have been withheld or redacted, and proffers sufficient factual information about the claimed basis for withholding to permit the denial of access to be challenged before the Court. *Vaughn* indexes are customary in FOIA lawsuits, and prompt production of a *Vaughn* index will demonstrate the scope of Defendants' search and move that issue toward resolution.

Defendants' Anticipated Discovery and Other Anticipated Filings:

- Defendants state that discovery is generally unavailable to plaintiffs in FOIA actions. The adequacy of an agency's search for records responsive to a FOIA

request and the appropriateness an agency's decision to withhold information are ordinarily determined on the basis of declarations supplied by the agency, which the court may direct the agency to supplement with additional information if the court finds that the agency's initial submissions do not establish the agency's compliance with the FOIA. Further, as discussed above, the Judicial Panel on Multidistrict Litigation denied consolidation largely based on plaintiffs' representation that they do not anticipate discovery.

- Defendants additionally state that, if necessary, Defendants may seek discovery regarding Plaintiffs' coordination with the national ACLU and other ACLU affiliates in filing their respective FOIA requests and lawsuits. Defendants may seek such discovery in order to establish grounds for nonparty preclusion in the event that Plaintiffs seek to re-litigate in this action issues that have been decided against one or more other ACLU affiliates.

- Defendants further state that Plaintiffs have added to this Joint Status Report a demand for a "*Vaughn* index" that Plaintiffs did not include in the parties' first Joint Status Report. Although an agency may use a document-by-document index to present information necessary to sustain its application of the FOIA's statutory exemptions, such indices are not required to satisfy the widely accepted protocol described in *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). For example, an affidavit adequately describing the withheld information suffices. The content from partially released records may also sufficiently demonstrate the nature of the information withheld, or when a large volume of records is at issue, an index of only a sample of the records is used in order to reduce the burden on the agency and the court. In any event, the preparation of any sort of "*Vaughn*" would be

premature before the filing of an agency's dispositive motion. *See Stimac v. DOJ*, 620 F. Supp. 212, 213 (D.D.C. 1985); *see Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993).

Agreed-to Dates for Further Proceedings:

The parties jointly propose that Defendants will file their response to the Complaint by August 22, 2017.

Plaintiffs' Suggested Dates for Further Proceedings:

Plaintiffs intend to move for summary judgment on both issues of search and withholding by September 15, 2017, unless Defendants are willing to complete an adequate search and produce responsive records and a *Vaughn* index of withheld records and redactions by that date,[2] at which time Plaintiffs would propose a briefing schedule for cross-motions for summary judgment as follows:

- Deadline for production of records and/or the *Vaughn* indices: September 15, 2017.

- Dispositive motion briefing schedule: Defendant's summary judgment motion will be due on October 20, 2017. In accordance with the Court's Standing Order on Cross Motions for Summary Judgment, Plaintiff's combined cross motion and response to the defendant's motion will be due three weeks thereafter, on November 10, 2017. Defendant's reply in support of its motion and response to plaintiff's cross motion will be due three weeks thereafter, on December 1, 2017.

---

[2] Plaintiffs disagree with Defendants' characterization of the circumstances in which *Vaughn* indices are appropriate, and will if necessary seek such relief by motion. Plaintiffs also strongly object to Defendants' continuing attempts to condition compliance with the legal rights at bar in *this* action, and the FOIA request before the Court, with their attempts to ask different litigants to permit staggered noncompliance with FOIA's request processing requirements. Rather than brief those issues in this Joint Status Report, Plaintiffs seek an appropriate scheduling order so that the manner in which Defendants have chosen to process this FOIA request can be appropriately presented to the Court for determination as FOIA requires.

> Plaintiff's reply in support of its cross motion shall be due two weeks thereafter, on December 15, 2017.

- Discovery deadline: None at this time.

<u>Defendants' Suggested Dates for Further Proceedings:</u>

Defendants respectfully submit that CBP cannot practically complete its processing of Plaintiffs' FOIA request in accordance with Plaintiffs' preferred schedule for the reasons set forth in Part E above and for reasons that Defendants could explain in a supplemental filing should the Court determine that more information would be useful.

Defendants respectfully propose that CBP be permitted to continue releasing non-exempt records responsive to Plaintiffs' FOIA request on a rolling basis while submitting quarterly or monthly status reports to advise the Court on CBP's progress and to assure the Court that CBP is proceeding diligently under the circumstances.[3]

Defendants do not believe that the efficient resolution of this litigation would be advanced by Plaintiffs' proposal that the parties engage in summary judgment briefing on search adequacy and withholdings before CBP has completed its processing of Plaintiffs' request. Premature briefing of these issues would distract agency personnel who could otherwise devote their attention to processing records responsive to pending FOIA requests, including Plaintiffs', and could only result in the parties having to brief summary judgment again once the agency completes its response.

## J. **Trial Date and Length of Trial**

---

[3] In later status reports, CBP may be in a position to commit to processing a certain number of pages per quarter or month. CBP is unable to make such a commitment in this case at present due to the large number of FOIA cases that it now has in litigation and its uncertainty regarding the production schedules that might be adopted in other cases. It would be easier for CBP to commit to such a production schedule if the ACLU-affiliate plaintiffs in the thirteen pending cases that Defendants sought to consolidate were willing to agree to a global production schedule instead of separately proposing schedules that, in effect, result in plaintiffs competing with each other for CBP's limited FOIA-processing resources.

The parties are unable to ascertain this information at this stage, although they do not anticipate that this FOIA action will proceed to trial.

### K. Magistrate Judge

The parties do not consent to proceed before a Magistrate Judge.

### L. Settlement Discussions

Plaintiffs are willing to entertain settlement proposals upon Defendants' timely and adequate search for and production of responsive records. Plaintiffs object to Defendants' suggestion that, by declining to (1) suspend their rights under FOIA to adequate and timely processing under improper conditions demanded by Defendants, (2) subordinate their rights under FOIA before this Court to rights asserted by other plaintiffs in other litigations, or (3) assume the burden FOIA correctly places on Defendants, not requestors, to conduct a sufficient investigation to develop an adequate search (for, as the custodians of public records that remain withheld from Plaintiffs, Defendants are the only parties with access to the information necessary to develop a full and adequate search), it is somehow Plaintiffs who are responsible for the delays to date.

Defendants have indicated to Plaintiffs that Defendants welcome proposals to narrow and clarify the scope of Plaintiffs' FOIA request, and particularly part 1 of 5 of the request, which likely would facilitate the agency's completion of its search and processing of responsive records. Plaintiffs have not done so and have also declined Defendants' invitation to propose search terms to apply to the email records CBP has collected to date to help locate responsive records. Defendants have also requested that Plaintiffs consult with the other ACLU affiliates whose FOIA requests are in litigation to coordinate the schedules in the thirteen pending lawsuits, so that Defendants are not faced with more than a dozen court orders imposing

competing demands on CBP's limited resources, which would inhibit Defendants' ability to comply. Plaintiffs have indicated that they are not willing to do so.

### M. Request of Settlement Conference

The parties do not request a settlement conference.

DATED this 21st day of August, 2017.

Respectfully submitted,

_s/ Natalie J. Spears_ _
Natalie J. Spears
Gregory R. Naron
Patrick S. Kabat
Kathleen V. Kinsella
DENTONS US LLP
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606
(312) 876-8000
natalie.spears@dentons.com
gregory.naron@dentons.com
patrick.kabat@dentons.com
kathleen.kinsella@dentons.com

REBECCA K. GLENBERG
Roger Baldwin Foundation of ACLU, Inc.
180 N. Michigan Ave., Suite 2300
Chicago, IL 60601
(312) 201-9740
rglenberg@aclu-il.org

FREDA J. LEVENSON
ACLU of Ohio Foundation, Inc.
4506 Chester Avenue
Cleveland, OH 44103
(216) 472-2205
flevenson@acluohio.org

AMY A. MILLER
ACLU of Nebraska, Inc.
134 S. 13th St. #1010
Lincoln NE 68508
402-476-8091 ext. 106
amiller@aclunebraska.org

ANTHONY E. ROTHERT
ACLU of Missouri Foundation
906 Olive Street, suite 1130

St. Louis, Missouri 63101
arothert@aclu-mo.org

WILLIAM E. SHARP
ACLU of Kentucky
315 Guthrie Street, Suite 300
Louisville, KY 40202
(502) 581-9746
sharp@aclu-ky.org

*Attorneys for Plaintiffs*


CHAD A. READLER
Acting Assistant Attorney General

JOEL R. LEVIN
Acting United States Attorney

THOMAS P. WALSH
Assistant United States Attorney

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch


 /s/ DRAFT
MATTHEW J. BERNS
CHETAN A. PATIL
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20530
Tel.: (202) 616-8016; Fax: (202) 616-8470
Email: matthew.j.berns@usdoj.gov

*Attorneys for Defendants*
*U.S. Department of Homeland Security and*
*U.S. Customs and Border Protection*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2017, I electronically filed the foregoing **JOINT STATUS REPORT** with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

/s/ Natalie J. Spears