UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF ILLINOIS, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 17 C 2768 |
| U.S. DEPARTMENT OF HOMELAND SECURITY and U.S. CUSTOMS AND BORDER PROTECTION, | ) ) ) ) | Judge Dow |
| Defendants. | ) ) | |

## DEFENDANTS' ANSWER

The U.S. Department of Homeland Security ("DHS") and U.S. Customs and Border

Protection ("CBP") (collectively, "Defendants") hereby answer the numbered paragraphs of

Plaintiffs' Complaint, ECF No. 1, in the above-captioned action.

## PLAINTIFFS' INTRODUCTION

1.     **Complaint:**     The American Civil Liberties Union of Illinois, American Civil
Liberties Union of Indiana, American Civil Liberties Union of Iowa, American Civil Liberties
Union of Kentucky, American Civil Liberties Union of Minnesota, American Civil Liberties
Union of Missouri, American Civil Liberties Union of Nebraska, American Civil Liberties Union
of Ohio, American Civil Liberties Union of South Dakota, and American Civil Liberties Union
of Wisconsin (collectively, "Plaintiffs" or "ACLU") bring this action under the Freedom of
Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*., to obtain injunctive and other appropriate
relief requiring Defendants U.S. Department of Homeland Security ("DHS") and U.S. Customs
and Border Protection ("CBP") (collectively, "Defendants") to respond to a FOIA request sent
by Plaintiffs on February 2, 2017 ("Request"), and to disclose the requested records promptly.

     **Response:**     The allegations contained in this paragraph consist of Plaintiffs'

characterization of their Complaint, to which no response is required.

2.     **Complaint:**     The Request seeks records concerning CBP's local implementation
of President Trump's January 27, 2017 Executive Order titled "Protecting the Nation From
Foreign Terrorist Entry Into the United States," Exec. Order No. 13769, 82 Fed. Reg. 8977 (Feb.
1, 2017) ("Executive Order No. 1"), as well as any other judicial order or executive directive
issued regarding Executive Order No.1, including President Trump's March 6, 2017 Executive

1

Order, identically titled, Exec. Order No. 13780, 82 Fed. Reg. 13209 (Mar. 6, 2017) ("Executive Order No. 2") (collectively, "Executive Orders"). A true and correct copy of the Request is attached as Exhibit A.

    **Response:**  The allegations contained in the first sentence of this paragraph consist of Plaintiffs' characterization of their FOIA request, which does not require a response and to which Defendants respectfully refer the Court for a full and accurate statement of its contents. Defendants admit the allegations contained in the second sentence of this paragraph.

   3.  **Complaint:**  Specifically, the Request seeks records concerning CBP's local implementation of the Executive Orders at sites within the purview of CBP's Chicago Field Office. These include O'Hare International Airport ("O'Hare"), Indianapolis International Airport, Des Moines International Airport, Louisville International Airport, Minneapolis/St. Paul International Airport, Lambert International Airport, Eppley Airfield, Port Columbus International Airport, General Mitchell International Airport, Kansas City International Airport, and Hopkins International Airport ("Local International Airports") and ports of entry in Chicago, Indianapolis, Des Moines, Louisville, Minneapolis, St. Louis, Kansas City, Omaha, Columbus, Cleveland, and Milwaukee ("Port of Entry Offices").

    **Response:**  The allegations contained in this paragraph consist of Plaintiffs' characterization of their FOIA request, which does not require a response. To the extent a response is deemed required, Defendants aver that a true and correct copy of the request is attached to Plaintiffs' Complaint as Exhibit A, and respectfully refer the Court to the request for a full and accurate statement of its contents.

   4.  **Complaint:**  Among other things, the Executive Orders purport to halt refugee admissions and bar entrants from several predominantly Muslim countries from entering the United States.

    **Response:**  The allegations contained in this paragraph consist of statements of law or legal conclusions and do not set forth a claim for relief or aver facts in support of a claim to which a response is required. To the extent a response is deemed required, Defendants respectfully refer to the Court to the Executive Orders for a full and accurate statement of their contents.

   5.  **Complaint:**  Defendants' implementation of the Executive Orders has been the

subject of significant public concern, as reflected by mass protests around the country, substantial news coverage, and numerous lawsuits filed following the President's signing of each Executive Order.

        **Response:**    The allegations contained in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

      6.    **Complaint:**    Over the weekend of January 27–29, 2017, at least five lawsuits resulted in emergency court orders enjoining implementation of various sections of Executive Order No. 1.  On March 15, 2017, a district court enjoined implementation of Sections 2 and 6 of Executive Order No. 2.

        **Response:**    The allegations contained in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is deemed required, Defendants aver that the allegations in this paragraph purport to characterize judicial decisions and refer the Court to the contents of those decisions for a true and accurate statement of their contents.

      7.    **Complaint:**    News reports described Defendants' implementation of the Executive Orders as "chaotic" and "total[ly] lack[ing] . . . clarity and direction."

        **Response:**    The allegations contained in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is deemed required, Defendants aver that the allegations in this paragraph purport to characterize news reports and refer the Court to the cited reports for a true and accurate statement of their contents.

      8.    **Complaint:**    Official DHS statements reflected this confusion. For example, DHS stated on January 28 that Executive Order No. 1 would "bar green card holders." The next day, however, DHS Secretary John Kelly deemed "the entry of lawful permanent residents to be in the national interest" and the government clarified that Executive Order No. 1 did *not* apply to green card holders.

        **Response:**    The allegations contained in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent a response is deemed required, Defendants aver that the allegations in this paragraph purport to

characterize official DHS statements and news reports and refer the Court to the cited materials

for a true and accurate statement of their contents.

9.      **Complaint:**     Reportedly spurred by this chaos, on January 29, Senators Tammy Duckworth and Dick Durbin called upon the Office of the Inspector General of the Department of Homeland Security to investigate Defendants' implementation of Executive Order No. 1. The Senators specifically sought information regarding: any guidance Defendants provided to the White House in developing the order; any directions that were provided to Defendants in implementing it; whether CBP officers complied with the relevant court orders; and whether DHS and CBP officers kept a list of individuals detained at ports of entry under the order. In response, the Inspector General directed Defendants' personnel to preserve all records "that might reasonably lead to the discovery of relevant information relating the implementation of" Executive Order No. 1.

        **Response:**     The allegations contained in this paragraph do not set forth a claim

for relief or aver facts in support of a claim to which a response is required.  To the extent a

response is deemed required, Defendants aver that the allegations in this paragraph purport to

characterize news reports and refer the Court to the cited materials for a true and accurate

statement of their contents.

10.     **Complaint:**     On January 28, 2017, CBP detained an estimated 17 travelers who had arrived at O'Hare that day for hours as a result of Executive Order No. 1. Many of those travelers were and are lawful permanent residents of the United States.

        **Response:**     The allegations contained in this paragraph do not set forth a claim

for relief or aver facts in support of a claim to which a response is required.

11.     **Complaint:**     Throughout the afternoon and evening of January 28, hundreds of people gathered inside and outside of O'Hare's Terminal 5 to protest the Executive Orders.

        **Response:**     The allegations contained in this paragraph do not set forth a claim

for relief or aver facts in support of a claim to which a response is required.

12.     **Complaint:**     Approximately 150 attorneys, including two attorneys from the ACLU of Illinois, went to O'Hare's international terminal, Terminal 5, to offer assistance to detained persons.

        **Response:**     The allegations contained in this paragraph do not set forth a claim

for relief or aver facts in support of a claim to which a response is required.

4

13.    **Complaint:**    When ACLU lawyers and other lawyers approached CBP officials at the airport, the CBP officials told the lawyers that the Privacy Act prevented CBP from disclosing information about the detainees, even to lawyers who had been retained to represent particular individuals by their families.

              **Response:**    The allegations contained in this paragraph do not set forth a claim

for relief or aver facts in support of a claim to which a response is required.

14.    **Complaint:**    In some instances, attorneys were able to confirm by telephone that specific persons were being held, but in no case was an attorney allowed to see or speak to a detained person.

              **Response:**    The allegations contained in this paragraph do not set forth a claim

for relief or aver facts in support of a claim to which a response is required.

15.    **Complaint:**    Nor, as the day wore into the evening, were the attorneys able to obtain verifiable information first-hand about detained persons and clients. Instead, at approximately 10:00 p.m. on January 28, 2017, after the District Court for the Eastern District of New York issued the first injunction blocking parts of the Executive Order, attorneys were notified that all persons who had been detained under the Executive Order had been released.

              **Response:**    The allegations contained in this paragraph do not set forth a claim

for relief or aver facts in support of a claim to which a response is required.

16.    **Complaint:**    Disclosure of the records Plaintiffs seek through this action would thus facilitate the public's understanding of how Defendants implemented and enforced the Executive Orders in the Chicago Field Office, including in particular at O'Hare. Such information is critical to the public's ability to hold the government accountable.

              **Response:**    The allegations contained in this paragraph do not set forth a claim

for relief or aver facts in support of a claim to which a response is required.

17.    **Complaint:**    This action is necessary because Defendants have failed to provide Plaintiffs with a determination as to whether they will comply with the Request, although more than 20 business days have elapsed since Defendants received the Request.

              **Response:**    Defendants admit that more than 20 business days have elapsed

since CBP received the FOIA request, but otherwise deny the allegations in this paragraph.

## PLAINTIFFS' ALLEGATIONS AS TO JURISDICTION

18.     **Complaint:**    The Court has subject-matter jurisdiction over this action and personal jurisdiction over the parties under 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. §§ 701–706, and 28 U.S.C. § 1331.

        **Response:**    The allegations contained in this paragraph consist of legal

conclusions regarding jurisdiction, to which no response is required.

## PLAINTIFFS' ALLEGATIONS AS TO VENUE

19.     **Complaint:**    Venue in Northern District of Illinois is proper under 5 U.S.C. § 552(a)(4)(B) and as the requested agency records are, upon information and belief, situated within this District at CBP facilities at or near Chicago and because Plaintiff ACLU of Illinois's principal place of business is in the Northern District of Illinois. For the same reasons, venue also is proper under 28 U.S.C. § 1391(e).

        **Response:**    The allegations contained in this paragraph consist of legal

conclusions regarding venue, to which no response is required.

## PLAINTIFFS' ALLEGATIONS AS TO PARTIES

20.     **Complaint:**    Plaintiffs are non-profit, 501(c)(4) membership organizations that educate the public about the civil liberties implications of pending and proposed state and federal legislation, provide analysis of pending and proposed legislation, directly lobby legislators, and mobilize their members to lobby their legislators.

        **Response:**    Defendants lack knowledge or information sufficient to form a

belief as to the allegations in this paragraph.

21.     **Complaint:**    Defendant Department of Homeland Security is a department of the executive branch of the U.S. government and is an agency within the meaning of 5 U.S.C. § 552(f)(1).

        **Response:**    Defendants admit that DHS is a department of the Executive

Branch of the United States Government.  The remainder of the allegations contained in this

paragraph consist of legal conclusions, to which no response is required.

22.     **Complaint:**    Defendant U.S. Customs and Border Protection is a component of DHS and is a federal agency within the meaning of 5 U.S.C. § 552(f)(1).

        **Response:**    Defendants admit that CBP is a component of DHS.  The

remainder of the allegations contained in this paragraph consist of legal conclusions, to which no response is required.

23.    **Complaint:**    Plaintiffs are informed and therefore believe that Defendants have possession, custody, or control of the requested records.

**Response:**    The allegations contained in this paragraph consist of legal conclusions, to which no response is required.

## PLAINTIFFS' ALLEGED FACTS

24.    **Complaint:**    On February 2, 2017, Plaintiffs sent the Request to CBP's Chicago Field Office and CBP's FOIA Officer at CBP Headquarters via certified, trackable mail, with tracking numbers of 70033110000409697170 and 70033110000409697217, respectively.

**Response:**    Defendants admit that Plaintiffs sent a FOIA request dated February 2, 2017 to CBP's Chicago Field Office and CBP's FOIA Officer at CBP's Headquarters.  Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

25.    **Complaint:**    The Request sought copies of CBP's local interpretation and enforcement of the Executive Order at: 1) certain airports specified in the Request, including O'Hare; and 2) certain Port of Entry offices specified in the Request, including Chicago, Indianapolis, Des Moines, Louisville, Minneapolis, St. Louis, Kansas City, Omaha, Columbus, Cleveland, and Milwaukee. The Request expressly did *not* seek information from CBP Headquarters.

**Response:**    The allegations contained in this paragraph consist of Plaintiffs' characterization of their FOIA request, which does not require a response.  To the extent a response is deemed required, Defendants aver that a true and correct copy of the request received by Defendants is attached as Exhibit A to Plaintiffs' Complaint, and respectfully refer the Court to the request for a full and accurate statement of its contents.

26.    **Complaint:**    Specifically, the Request sought the following:

1. "Records created on or after January 27, 2017 concerning CBP's interpretation, enforcement, and implementation of the following at Local International Airports:

7

a. President Trump's Executive Order, signed on January 27, 2017 and titled 'Protecting the Nation From Foreign Terrorist Entry Into the United States';

b. Any guidance 'provided to DHS field personnel shortly' after President Trump signed the Executive Order, as referenced in CBP's online FAQ;

c. Associate Director of Field Operations for U.S. Citizenship and Immigration Services Daniel M. Renaud's email, sent at 11:12 A.M. on January 27, 2017, instructing DHS employees that they could not adjudicate any immigration claims from the seven targeted countries;

d. Judge Donnelly's Decision and Order granting an Emergency Motion for Stay of Removal, issued in the Eastern District of New York on January 28, 2017, including records related to CBP's efforts to comply with the court's oral order requiring prompt production of a list of all class members detained by CBP;12

e. Judge Brinkema's Temporary Restraining Order, issued in the Eastern District of Virginia on January 28, 2017;

f. Judge Zilly's Order Granting Emergency Motion for Stay of Removal, issued in the Western District of Washington on January 28, 2017;

g. Judge Burroughs' Temporary Restraining Order, issued in the District of Massachusetts on January 29, 2017;

h. Judge Gee's Order granting an Amended Ex Parte Application for Temporary Restraining Order, issued in the Central District of California on January 29, 2017;

i. Assurances from the U.S. Attorney's Office for the Eastern District of Pennsylvania that all individuals detained at Philadelphia International Airport under the Executive Order would be admitted to the United States and released from custody on Sunday, January 29, 2017;

j. DHS's 'Response to Recent Litigation' statement, issued on January 29, 2017;

k. DHS Secretary John Kelly's 'Statement on the Entry of Lawful Permanent Residents Into the United States,' issued on January 29, 2017;

l. DHS's 'Statement on Compliance with Court Orders and the President's Executive Order,' issued on January 29, 2017; and

m. Any other judicial order or executive directive issued regarding the Executive Order on or after January 27, 2017.

2. Records concerning the number of individuals who were detained or subjected to secondary screening, extend[ed] questioning, an enforcement examination, or consideration for a waiver at Local International Airports pursuant to the Executive Order, including:

a. The total number of individuals who remain detained or subject to secondary screening, extend[ed] questioning, an enforcement examination, or consideration for a waiver at Local International Airports both as of the date of this request and as of the date on which this request is processed; and

b. The total number of individuals who have been detained or subjected to
secondary screening, extend[ed] questioning, an enforcement
examination, or consideration for a waiver for any length of time at
Local International Airports since January 27, 2017, including the
number of individuals who have been
  i. released,
  ii. transferred into immigration detention, or
  iii. removed from the United States;

3. Records concerning the number of individuals who have been removed from
Local International Airports from January 27, 2017 to date pursuant to the
Executive Order;

4. Records concerning the number of individuals who arrived at Local
International Airports from January 27, 2017 to date with valid visas or green
cards who subsequently agreed voluntarily to return; and

5. Records containing the 'guidance' that was 'provided to DHS field personnel
shortly' after President Trump signed the Executive Order."

**Response:**    The allegations contained in this paragraph consist of Plaintiffs'

characterization of their FOIA request, which does not require a response. To the extent a

response is deemed required, Defendants aver that a true and correct copy of the request received

by Defendants is attached as Exhibit A to Plaintiffs' Complaint, and respectfully refer the Court

to the request for a full and accurate statement of its contents.

27.    **Complaint:**    The Request included an application for expedited processing, on
the grounds that there is a "compelling need" for these records under 5 U.S.C. §
552(a)(6)(E)(v)(II) because the information requested is "urgen[tly]" needed by an organization
primarily engaged in disseminating information "to inform the public concerning actual or
alleged Federal Government activity."

**Response:**    The allegations contained in this paragraph consist of Plaintiffs'

characterization of their FOIA request, which does not require a response. To the extent a

response is deemed required, Defendants aver that a true and correct copy of the request received

by Defendants is attached as Exhibit A to Plaintiffs' Complaint, and respectfully refer the Court

to the request for a full and accurate statement of its contents.

28.    **Complaint:**    The Request provided adequate detail showing that the ACLU is
primarily engaged in disseminating information within the meaning of 5 U.S.C. §
552(a)(6)(E)(v), given that a critical and substantial aspect of the ACLU's mission is to obtain

information about government activity, analyze that information, and publish and disseminate that information widely to the press and public.

      **Response:**      The allegations contained in this paragraph consist of Plaintiffs' characterization of their FOIA request, which does not require a response. To the extent a response is deemed required, Defendants aver that a true and correct copy of the request received by Defendants is attached as Exhibit A to Plaintiffs' Complaint, and respectfully refer the Court to the request for a full and accurate statement of its contents.

      29.    **Complaint:**    The Request described examples of the ACLU's information-dissemination function.

      **Response:**      The allegations contained in this paragraph consist of Plaintiffs' characterization of their FOIA request, which does not require a response. To the extent a response is deemed required, Defendants aver that a true and correct copy of the request received by Defendants is attached as Exhibit A to Plaintiffs' Complaint, and respectfully refer the Court to the request for a full and accurate statement of its contents.

      30.    **Complaint:**    The Request also included an application for a fee waiver or limitation under 5 U.S.C. § 552(a)(4)(A)(iii) on the grounds that disclosure of the requested records is in the public interest and is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." In particular, the ACLU emphasized that the Request would significantly contribute to public understanding on a matter of profound public importance about which scant specific information had been made public, *i.e.*, how local CBP Field Offices had enforced, and continue to enforce, the Executive Orders. The Request also made clear that the ACLU plans to disseminate the information disclosed as a result of the Request to the public at no cost.

      **Response:**      The allegations contained in this paragraph consist of Plaintiffs' characterization of their FOIA request, which does not require a response. To the extent a response is deemed required, Defendants aver that a true and correct copy of the request received by Defendants is attached as Exhibit A to Plaintiffs' Complaint, and respectfully refer the Court to the request for a full and accurate statement of its contents.

31.     **Complaint:**     The Request also applied for a waiver of search fees under 5 U.S.C. § 552(a)(4)(A)(ii)(II) on the grounds that Plaintiffs qualify as "representatives of the news media" and the records are not sought for commercial use, given the ACLU's non-profit mission and substantial activities to publish information for dissemination to the public, as discussed in greater detail in ¶ 29 above.

        **Response:**     The allegations contained in this paragraph consist of Plaintiffs'

characterization of their FOIA request, which does not require a response.  To the extent a

response is deemed required, Defendants aver that a true and correct copy of the request received

by Defendants is attached as Exhibit A to Plaintiffs' Complaint, and respectfully refer the Court

to the request for a full and accurate statement of its contents.

32.     **Complaint:**     CBP's Chicago Field Office received the Request on February 6, 2017, and CBP Headquarters received the Request on February 7, 2017.

        **Response:**     Admitted.

33.     **Complaint:**     Plaintiffs have not received any acknowledgment of receipt of the Request from CBP.

        **Response:**     Defendants deny the allegations in this paragraph.

34.     **Complaint:**     As of April 12, 2017, more than 20 days (excepting Saturdays, Sundays, and legal public holidays) have elapsed since CBP received the Request.

        **Response:**     Admitted.

35.     **Complaint:**     As of the filing date of this Complaint, Defendants have not notified Plaintiffs of a determination as to whether Defendants will comply with the Request.

        **Response:**     Admitted.

36.     **Complaint:**     Because Defendants failed to comply with the 20-business-day time limit provision of FOIA, 5 U.S.C. § 552(a)(6)(A)(i), Plaintiffs are deemed to have exhausted their administrative remedies with respect to the Request under 5 U.S.C. § 552(a)(6)(C)(i).

        **Response:**     The allegations contained in this paragraph consist of legal

conclusions regarding exhaustion, to which no response is required.

## COUNT I:  PLAINTIFFS' ALLEGATIONS OF A VIOLATION OF FOIA FOR FAILURE TO PROVIDE A DETERMINATION WITHIN 20 BUSINESS DAYS

37.     **Complaint:**     Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 36 above, inclusive.

**Response:**     This paragraph repeats and re-alleges the allegations contained in paragraphs 1 through 36.  To the extent a response is deemed required, Defendants refer the Court to their responses to paragraphs 1 through 36 of the Complaint.

38.     **Complaint:**     Defendants have a legal duty under FOIA to determine whether to comply with a request within 20 days (excepting Saturdays, Sundays, and legal public holidays) after receiving the request, and also have a legal duty to immediately notify a requester of the agency's determination and the reasons therefor.

**Response:**     The allegations contained in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in this paragraph.

39.     **Complaint:**     Defendants' failure to determine whether to comply with the Request within 20 business days after receiving it violates FOIA, 5 U.S.C. § 552(a)(6)(A)(i), and applicable regulations promulgated thereunder.

**Response:**     The allegations contained in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in this paragraph.

## COUNT II:  PLAINTIFFS' ALLEGATIONS OF A VIOLATION OF FOIA FOR FAILURE TO MAKE RECORDS AVAILABLE

40.     **Complaint:**     Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 36 above, inclusive.

**Response:**     This paragraph repeats and re-alleges the allegations contained in paragraphs 1 through 36.  To the extent a response is deemed required, Defendants refer the Court to their responses to paragraphs 1 through 36 of the Complaint.

41.     **Complaint:**     Plaintiffs have a legal right under FOIA to obtain the specific agency records requested on February 2, 2017, and there exists no legal basis for Defendants'

failure to promptly make the requested records available to Plaintiffs, their members, and the public.

        **Response:**      The allegations contained in this paragraph consist of legal

conclusions, to which no response is required.  To the extent a response is deemed required,

Defendants deny the allegations contained in this paragraph.

        42.    **Complaint:**    Defendants' failure to promptly make available the records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3)(A), and applicable regulations promulgated thereunder.

        **Response:**      The allegations contained in this paragraph consist of legal

conclusions, to which no response is required.  To the extent a response is deemed required,

Defendants deny the allegations contained in this paragraph.

        43.    **Complaint:**    On information and belief, Defendants currently have possession, custody or control of the requested records.

        **Response:**      The allegations contained in this paragraph consist of legal

conclusions, to which no response is required.

**COUNT III:  PLAINTIFFS' ALLEGATIONS OF A VIOLATION OF FOIA FOR FAILURE TO PROVIDE A DETERMINATION AS TO EXPEDITED PROCESSING WITHIN 10 DAYS**

        44.    **Complaint:**    Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 36 above, inclusive.

        **Response:**      This paragraph repeats and re-alleges the allegations contained in

paragraphs 1 through 36.  To the extent a response is deemed required, Defendants refer the

Court to their responses to paragraphs 1 through 36 of the Complaint.

        45.    **Complaint:**    Defendants have a legal duty under FOIA to determine whether to provide expedited processing, and to provide notice of that determination to Plaintiffs, within 10 days after the date of the Request.

        **Response:**      The allegations contained in this paragraph consist of legal

conclusions, to which no response is required.

46.     **Complaint:**     Defendants' failure to determine whether to provide expedited processing and to provide notice of that determination to Plaintiffs within 10 days after the date of the Request violates FOIA, 5 U.S.C. § 552(a)(6)(E)(ii)(I), and applicable regulations promulgated thereunder.

           **Response:**     The allegations contained in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in this paragraph and aver that the agency has granted Plaintiffs' request for expedited processing.

47.     **Complaint:**     Because Defendants have not provided a complete response to the Request, this Court has jurisdiction under FOIA, 5 U.S.C. § 552(a)(6)(E)(iv), to review Defendants' failure to make a determination concerning Plaintiffs' request for expedited processing.

           **Response:**     The allegations contained in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in this paragraph and aver that the agency has granted Plaintiffs' request for expedited processing.

The remaining paragraphs of the Complaint consist of Plaintiffs' requested relief, to which no response is required.

Defendants hereby deny all allegations of the Complaint not otherwise specifically answered above.

## FIRST DEFENSE

This action is one of multiple related actions involving coordinated FOIA requests submitted to CBP by the American Civil Liberties Union and its affiliates.  Depending on the course of the litigation, collateral estoppel may preclude re-litigation of one or more claims or issues in this action.

Dated:  August 22, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

JOEL R. LEVIN
Acting United States Attorney

THOMAS P. WALSH
Assistant United States Attorney

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

 /s/ Matthew J. Berns
MATTHEW J. BERNS
CHETAN A. PATIL
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20530
Tel.: (202) 616-8016
Fax: (202) 616-8470
Email: matthew.j.berns@usdoj.gov

*Attorneys for Defendants*
*U.S. Department of Homeland Security and*
*U.S. Customs and Border Protection*