UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION OF ILLINOIS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY and U.S. CUSTOMS AND BORDER PROTECTION, <br><br> Defendants. | No. 17 C 2768 <br><br> Judge Dow |

### DEFENDANTS' MEMORANDUM OF LAW REGARDING AGGREGATION

Pursuant to this Court's Order of October 2, 2017, ECF No. 61, Defendants the U.S. Department of Homeland Security ("DHS") and U.S. Customs and Border Protection ("CBP") hereby submit this Memorandum of Law regarding aggregation of the Freedom of Information Act ("FOIA") requests at issue in this case.

On May 26, 2017, CBP sent Ms. Mitra Ebadolahi of the ACLU Border Litigation Project and Mr. Juan Caballero of the ACLU Michigan a letter via email responding to the 18 FOIA requests submitted on February 2, 2017 by various ACLU affiliates and the supplemental FOIA request submitted on February 10, 2017 by the ACLU of Michigan.[1] Among other things, the letter informed Ms. Ebadolahi and Mr. Caballero that CBP was aggregating the 19 FOIA requests at issue pursuant to 5 U.S.C. § 552(a)(6)(B)(iv) and 6 C.F.R. § 5.5(d).

---

[1] The 18 requests submitted on February 2, 2017 asked that records be sent to Ms. Ebadolahi. The supplemental request on February 10, 2017 requested that records be sent to Mr. Caballero. Counsel for all of the ACLU affiliates involved in litigation against Defendants were sent the letter as well.

> Section 552(a)(6)(B)(iv) provides that:
>
> Each agency may promulgate regulations, pursuant to notice and receipt of public comment, providing for the aggregation of certain requests by the same requestor, or by a group of requestors acting in concert, if the agency reasonably believes that such requests actually constitute a single request, which would otherwise satisfy the unusual circumstances specified in this subparagraph, and the requests involve clearly related matters. Multiple requests involving unrelated matters shall not be aggregated.
>
> The applicable DHS regulation provides as follows:
>
> *Aggregating requests.* For the purposes of satisfying unusual circumstances under the FOIA, components may aggregate requests in cases where it reasonably appears that multiple requests, submitted either by a requester or by a group of requesters acting in concert, constitute a single request that would otherwise involve unusual circumstances. Components will not aggregate multiple requests that involve unrelated matters.

6 C.F.R. § 5.5(d); *see also, e.g.*, *Simon v. U.S. Dep't of Justice*, No. 1:16-cv-00671 (APM), 2017 WL 1495915, at *1 (D.D.C. Apr. 26, 2017) (permitting agency to aggregate multiple FOIA requests submitted by single requester and to conduct a single search for records responsive to the aggregated requests); *Henson v. Dep't of Health & Human Servs.*, No. 14-cv-908-DRH-DGW, 2017 WL 1090815, at *4 & n.5 (S.D. Ill. Mar. 23, 2017) (finding search was adequate where agency aggregation "did not modify scope of Plaintiff's FOIA requests, but instead sought to reduce duplicate productions").

The agency's decision to aggregate the FOIA requests was based in part on its conclusion that the various ACLU affiliates acted in concert in submitting the 19 FOIA requests, which the ACLU itself described as a "coordinated FOIA filing." *See* ACLU, Press Release, *ACLU Files Demands for Documents on Implementation of Trump's Muslim Ban* (Feb. 2, 2017), https://www.aclu.org/news/aclu-filesdemands-documents-implementation-trumps-muslim-ban. Moreover, all of the requests seek the same or substantially the same categories of information regarding CBP's interpretation and

2

implementation of Executive Order 13,769. In addition, the aggregation of the requests enhances the efficiency and consistency of the agency's processing, in particular by allowing the agency to avoid duplicative processing of records that are responsive to more than one of the 19 requests, such as, for example, emails received by field office personnel in more than one field office.

Dated: October 5, 2017             Respectfully submitted,

                                   CHAD A. READLER
                                   Acting Assistant Attorney General

                                   JOEL R. LEVIN
                                   Acting United States Attorney

                                   THOMAS P. WALSH
                                   Assistant United States Attorney

                                   ELIZABETH J. SHAPIRO
                                   Deputy Director, Federal Programs Branch

                                   /s/ Chetan A. Patil
                                   CHETAN A. PATIL
                                   Trial Attorney
                                   U.S. Department of Justice
                                   Civil Division, Federal Programs Branch
                                   20 Massachusetts Avenue NW
                                   Washington, DC 20530
                                   Tel.: (202) 305-4968; Fax: (202) 616-8470
                                   Email: chetan.patil@usdoj.gov

                                   *Attorneys for Defendants U.S. Department of Homeland Security and U.S. Customs and Border Protection*